POMPSTRA *v.* BRONSEMA.

FRAUD—EVIDENCE—DIRECTED VERDICT.

In an action by an administrator for the value of land conveyed by plaintiff's decedent to defendants, alleged to have been induced by fraud, where the testimony of disinterested witnesses that decedent was competent at the time of the transaction, that he understood what he was doing, and afterwards expressed his satisfaction therewith, is not contradicted by testimony rising to the dignity of evidence, the trial court should have directed a verdict for defendants.[1]

Error to Muskegon; Vanderwerp (John), J.    Submitted January 20, 1925.    (Docket No. 91.)    Decided May 14, 1925.

Case by Jacob Pompstra, administrator *de bonis non* of the estate of William Mulder, deceased, against Berend Bronsema and another for fraud.    Judgment for defendants.    Plaintiff brings error.    Affirmed.

*Willard G. Turner, Jr.,* and *Alexis J. Rogoski* (*Bunker & Rogoski,* of counsel), for appellant.

*Lovelace & Broek,* for appellees.

MOORE, J.    This is an action brought by the plaintiff as legal representative of the estate of William Mulder, deceased, to recover from defendants the value of certain land which it is claimed defendants obtained from William Mulder by fraud.    On and prior to May 15, 1918, William Mulder was the owner in fee simple absolute of lot 6 of block 54 of the revised plat of the city of Muskegon, Michigan.    He was

---

[1]Fraud, 27 C. J. § 208.

231—Mich.—7.

then 89 years of age.   On that day he deeded the above described land to defendants, and received from them a life lease to property known as number 96 Allen street, in the city of Muskegon, Michigan.   At the time of this transaction William Mulder was living with his second wife, Aike Mulder, who prior to her marriage to him was Aike Roseboom.   She was then 82 years of age.   William Mulder lived 4 years and 8 months thereafter, surviving his wife by 10 weeks. The defendant Roelfien Bronsema was the daughter of Aike Mulder.   William Mulder was not related to defendants other than by marriage.   It is claimed by the plaintiff, but denied by defendants, that William Mulder was induced by fraud to deed the land to defendants.   Plaintiff's claim of fraud is predicated on the theory that at the time of the transaction William Mulder was mentally incompetent to manage and have charge of his property, or to transact any business, and that the deed was procured by undue influence practiced on William Mulder by defendants. These claims are denied by the defendants.   At the close of the testimony offered by the plaintiff the defendants asked for a directed verdict.   This request was overruled.   At the conclusion of all the testimony the motion for a directed verdict was renewed.   It was again overruled and the case was submitted to the jury in a very careful charge.   The jury returned a verdict in favor of the defendants. No motion for a new trial was made.   The case is brought into this court by writ of error.

We quote from the brief of counsel:

"Questions involved in assignments of error relied upon:

"The assignments of error relied upon by appellant to obtain a reversal of this case give rise to the following issues:

" (1) Did plaintiff by calling the defendant Berend Bronsema for cross-examination under the statute (3

Comp. Laws 1915, § 12554), to identify certain instruments, afterwards put in evidence, waive the privilege of the statute (3 Comp. Laws 1915, § 12553), so as to enable this witness to testify to all matters equally within the knowledge of the deceased?

"(2) Were the witnesses, Martha Westmaas and Annie Van Dam, competent and qualified to give an opinion as to the mental competency of William Mulder?

"(3) Did the admission of evidence  *  *  *  constitute reversible error?

"(4) Did the charge of the court and the refusals to charge  *  *  *  constitute reversible error?"

In our view of the case it will not be necessary to discuss these various assignments.   The notary public who drew the papers was a witness; he testified in substance that he had known Mr. Mulder many years; that the papers which consisted of a deed of the property in question, a life lease, a mortgage for $800 given by defendants, and a note for like amount were drawn at the request of the parties.   He testified that the papers were fully explained to Mr. Mulder, and that he understood them and was competent to make the ones he signed.   He testified further that the defendants, at the request of Mr. Mulder, paid to him the $800 represented by the note and mortgage, and that he in turn paid the money over to Mr. Mulder.   Many witnesses were sworn to the effect that Mr. and Mrs. Mulder were pleased with the exchange.   Though the Mulders lived more than four years after the deed was made, no one has ever attempted to set it aside or to question its validity until this proceeding was begun in March, 1923. It is an interesting fact that the will under which plaintiff is acting was not executed until considerable time after the deed was executed.   The testimony of the notary public and of the other witnesses for the defendants that Mr. Mulder was competent when the

deed was made is not met by testimony which arises to the dignity of evidence.    We think a verdict should have been directed for the defendants.

The judgment is affirmed, with costs to the appellees.

McDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.